4   783
39ap260

DANFORD R. CUSHMAN, ADMINISTRATOR, ETC., PLAINTIFF, v. THE UNITED STATES LIFE INSURANCE COMPANY, DEFENDANT.

*Insurance — Evidence — policy admissible, without being accompanied by application therefor — conversations with administrator — Warranties — Statements.*

A policy of insurance is properly admitted in evidence in an action brought to recover thereon, although the application therefor is not produced.

A conversation had between a witness and the administrator of a deceased person, prior to such decease and the administrator's appointment, in regard to such deceased person, is not admissible in evidence in an action brought to recover upon a policy of insurance issued upon the life of the deceased.

Where the papers show that the understanding of the parties was that the statements contained in an application for insurance, were not to be regarded as warranties, but representations only, it is necessary, in order to establish the invalidity of the policy, to show that such statements are fraudulent or untrue in a material matter.

A warranty is a statement on the literal truth of which the validity of the policy of insurance depends.

Exceptions ordered to be heard in first instance at the General Term.

This action was upon a policy of insurance on the life of plaintiff's intestate, tried before the court and jury. Plaintiff had a verdict for its full amount. A motion was made, on the coming in of the verdict, for a new trial on the minutes, which was denied. The court made an order that all proceedings be stayed, to enable the defendant to make a case and exceptions, and that the same be, in the first instance, heard at General Term. The defendant appealed from the order denying a new trial. The case is here, upon such appeal, case and exceptions.

*E. B. Thomas,* for the plaintiff.

*E. S. Van Winkle,* for the defendant.

James, J. :

To maintain the action, plaintiff offered in evidence a policy issued by the defendant, upon the life of Burt Cushman; dated November 10, 1871. Its reception was objected to unless the application therefor was also produced, it forming part thereof. The objection was overruled and defendant excepted. This constituted the first exception. There was no error in the ruling. The policy was the evidence of the contract furnished by the defendant to the testator, and was admissible as evidence against it, without the application. The value of such evidence is not in question.

When the plaintiff rested, the defendant moved for a dismissal of the complaint. The court denied the motion, and defendant excepted. The ground of this motion was not stated, and hence, as there was evidence, *prima facie,* sufficient of the plaintiff's right to recover, the motion was properly denied.

A Dr. Greenleaf was called as a witness by defendant. On his direct-examination, he testified that he attended the intestate as a

physician in 1864, and that said intestate was sick in 1864, and was pretty sick again in 1867. On cross-examination, the doctor was asked if he ever saw intestate after that, and witness answered " Yes, frequently." He was asked : "Did he ever recover from said sickness ? " Witness said he did. This was objected to and overruled, and defendant excepted. There was no error in this ruling. Witness was an expert; had been intestate's physician; and the question was proper and admissible on cross-examination. The defendant offered to show a conversation had by the witness Aldrich with the plaintiff, the administrator, before the death of the intestate, and prior to the date of the policy, in regard to the intestate. The plaintiff's counsel objected that the declarations of the plaintiff, before his appointment as administrator, not in the presence of the intestate, would not bind or affect the estate. The objection was sustained. The ruling was clearly right. In this there was no error.

At the close of the case, the court was asked to direct a verdict for the defendant, without stating the grounds or reasons therefor. The motion was properly refused.

The court was asked to charge the jury, that, if the intestate had been afflicted with disease of the liver at any time prior to the 4th of November, 1871, then plaintiff could not recover; or if he had ever been seriously ill prior to said date, then plaintiff could not recover. This the court refused, and defendant excepted. Also, that if the intestate was not in good health at said date, then plaintiff could not recover. That if, at said date, he had upon him a chronic disease of the liver, then, within the meaning of the law, he was not in good health, and plaintiff could not recover. That the declarations and statements of the intestate, contained in the application for insurance, are warranties, and, if fraudulent or untrue, any one of them, then the plaintiff could not recover. That if the intestate made untrue answers to any question contained in the application, the facts in respect to which, from their nature, must have been within his personal knowledge, then, in law, his representations were fraudulent, and the plaintiff could not recover. That, in order to make the statements or representations fraudulent or untrue, so as to avoid the policy and relieve the defendant from liability thereunder, it was not necessary that they should have been

made intentionally to defraud or mislead.   That it was not necessary they should have been material.   That the question was whether the statements and representations contained in the application were true or not.   If untrue, whether made intentionally or not, and whether they were material or not, then the plaintiff could not recover.   The court refused each and every of said requests, and defendant excepted.   Defendant's counsel also excepted to that part of the charge which said : " If the deceased honestly and sincerely stated the facts as believed by him at the time, although he may have been mistaken, it would be no defense to the action."

The foregoing, I believe, are all the exceptions taken on the trial.   They are all based on the theory that the answers to the interrogatories contained in the applications were absolute, unconditional warranties, irrespective of fraud or materiality, and that if any one of them was untrue, it avoided the policy.   If such is the fact, then, as the charge was on the theory that the answers to some were untrue, though honestly made, and not material, the defendant will be entitled to a new trial, for error of the court in its instructions to the jury.   Upon the construction of the law, as stated by the court, the motion for a new trial on the minutes was properly denied.   There was ample evidence to warrant the finding of the jury, and the same should not be disturbed as against evidence. Neither the policy nor the application shows any warranty of the truth of the answers to the several interrogatories in the application.   The policy declares that it is issued in consideration of the representations (not warranties) made in the application, and upon statements (not warranties) therein respecting, etc., " which application and statement are hereby referred to and made part of said contract, and upon the faith of which application, *statements and representations*, said company doth issue this policy," etc.; and the application, at its close, declares that the declarations and proposal therein shall be *the basis of the contract* between the assured and the company, and that if it contain any *fraudulent or untrue allegations*, all money paid shall be forfeited and the policy void, showing clearly that the fair construction of the papers, and probable understanding of the parties, was not a warranty made, but representations, which, if fraudulent or untrue in a material matter, avoided the policy.   " A warranty in the law of insurance differs

from a representation in this : the former is a stipulation inserted in writing on the face of the policy, or in another writing referred to in the policy and made a part of it, on the *literal truth* or fulfillment of which the validity of the entire contract depends; a representation is a verbal or written statement made by the insured to the underwriter before the subscription of the policy," etc. (*Pierce* v. *Empire Ins. Co.*, 62 Barb., 644.)

In this view none of the requests or exceptions of defendant's counsel were well taken, and judgment should be ordered for the plaintiff on the verdict.

LEARNED, P. J., and BOARDMAN, J., concurred.

New trial denied and judgment on the verdict directed for plaintiff, with costs.